# EXHIBIT "B"

131st District Court

## Case Summary

### Case No. 2021CI24392

| | | | | |
|---|---|---|---|---|
| **AMBROSIO LONGORIA ET AL VS ENCOMPASS INDEMNITY COMPANY** | § § § | | Location: | **131st District Court** |
| | | | Judicial Officer: | **131st, District Court** |
| | | | Filed on: | **11/24/2021** |

---

## Case Information

| | | |
|---|---|---|
| | Case Type: | MOTOR VEHICLE ACCIDENT |
| | Case Status: | **11/24/2021  Pending** |

## Assignment Information

**Current Case Assignment**
Case Number       2021CI24392
Court                    131st District Court
Date Assigned    11/24/2021
Judicial Officer   131st, District Court

---

## Party Information

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **LONGORIA, ALEXANDRA** | **ERSKINE, MICHAEL G** *Retained* |
| | **LONGORIA, AMBROSIO** | **ERSKINE, MICHAEL G** *Retained* |
| **Defendant** | **ENCOMPASS INDEMNITY COMPANY** | |

---

## Events and Orders of the Court

| | |
|---|---|
| 11/24/2021 | New Cases Filed (OCA) |
| 11/24/2021 | PETITION |
| 11/24/2021 | REQUEST FOR SERVICE AND PROCESS |
| 11/29/2021 | **Citation** ENCOMPASS INDEMNITY COMPANY Unserved |

PRIVATE PROCESS

**Case Number: 2021CI24392**

AMBROSIO LONGORIA ET AL VS ENCOMPASS
INDEMNITY COMPANY
(Note: Attached Document May Contain Additional
Litigants)

IN THE **131ST DISTRICT COURT**

BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:    **ENCOMPASS INDEMNITY COMPANY**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said ORIGINAL PETITION was filed on this the 24th day of November, 2021.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT on this the 29th day of November, 2021.

**MICHAEL G ERSKINE**
**ATTORNEY FOR PLAINTIFF**
**100 E CENTRAL TX EXPRESSWAY**
**KILLEEN TX 76541-8525**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

**San Antonio, Texas 78205**
**By: /s/ Ana Cortijo**
**Ana Cortijo, Deputy**

---

AMBROSIO LONGORIA ET AL VS ENCOMPASS INDEMNITY
COMPANY

Case Number: 2021CI24392

*131st District Court*

## Officer's Return

I received this CITATION on the _15_ day of _Dec._, 20 _21_ at _8:58_ o'clock _A_ M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION the date of delivery endorsed on it to the defendant _X_ _____ in person on the _____ day of _____, 20____ at _____ o'clock _____ M. at _____ or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County,

Texas

BY: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

✱By USPS 7020-1810-0000-1410-6353, mailed on 12-15-2021 RRR

_____

**Declarant**

FILED
11/24/2021 12:17 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 131st District Court

Case 5:22-cv-00021-JKP    Document 1-2    Filed 01/11/22    Page 4 of 12
CIT PPS

CAUSE NO. 2021CI24392

| | | |
|---|---|---|
| ALEXANDRA LONGORIA AND AMBROSIO LONGORIA, *Plaintiffs*, | § § § § | IN THE DISTRICT COURT |
| v. | § § | _____ ᵀᴴ JUDICIAL DISTRICT |
| ENCOMPASS INDEMNITY COMPANY, | § § | |
| *Defendant.* | § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Alexandra Longoria and Ambrosio Longoria (hereinafter "Plaintiffs"), brings this action against Encompass Indemnity Company, (hereinafter "Defendant"), and for cause of action and upon information and belief states as follows:

### I. Discovery Control Plan

1. Discovery is intended to be conducted "by order" under Rule 190.4, Texas Rules of Civil Procedure Level 3.

### II. Parties & Service of Process

2. Plaintiffs are individuals and citizen of the State of Texas.

3. Defendant is an insurance company. Service may be obtained by serving Defendant's registered agent for service of process, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136, by USPS certified mail return receipt via private process.

### III. Misnomer, Alter-Ego, Assumed Name

4. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

### IV. Jurisdiction

5. All relief sought herein is within the jurisdictional limits of this Court. Specifically, seeks

monetary relief of $250,000.00 or less. Plaintiffs reserve the right to amend this amount should additional information come forward during the prosecution of this case.

## V. Venue

6.  Venue is mandatory or proper in BEXAR County, Texas under one or more of the following facts:

    a.  The policyholders or beneficiaries instituting this suit resided in Bexar County at the time of the collision.

    b.  The collision involving the underinsured motor vehicle occurred in Bexar County.

    c.  All or a substantial part of the events or omissions giving rise to this claim occurred in Bexar County

    d.  This is a suit on an insurance policy brought against a fire or accident insurance company, wherein the underlying loss forming basis of this cause of action occurred in Bexar County.

## VI. Facts

7.  Plaintiffs bring this suit to recover damages for personal injuries sustained as a result of a collision in San Antonio, Texas, on or about June 20, 2020. Said collision was proximately caused by the negligence of an underinsured driver, Juan Montoya

8.  At the time of the occasion in question, Plaintiffs and Juan Montoya were traveling southbound on the access road of SW Loop 410 in the 1300 block in San Antonio, Texas. Suddenly and without warning, Juan Montoya failed to control his speed and forcefully rear ended the vehicle in which the Plaintiffs were traveling. Significantly, the investigating police officer attributed fault for the collision to Juan Montoya for failing to control his speed. Due to the nature of the incident, Plaintiffs sustained significant personal injuries and damages

## VII. **Negligence of Tortfeasor**

9. Juan Montoya was negligent in one or more of the following acts or omissions, each of which was a proximate cause of the collision and Plaintiffs' injuries and damages:

   a. Failing to control his speed;

   b. Plowing his vehicle into the Plaintiffs without timely and properly applying the brakes to avoid the collision;

   c. Plowing his vehicle into the Plaintiffs without maneuvering to avoid the collision;

   d. Driving in an unsafe and inattentive manner, and unlike a person using ordinary care would have driven; and

   e. Such further acts and omissions that may be shown as discovery progresses.

## VIII. **Plaintiffs' Damages**

10. Juan Montoya is liable to Plaintiffs for all remedies allowed at law and in equity, general and special, both suffered in the past and in reasonable probability to be suffered in the future, including the following elements of damages:

   a. Past and future medical expenses;

   b. Past and future physical pain and suffering;

   c. Past and future disfigurement;

   d. Past and future physical impairment; and

   e. Past and future loss of enjoyment of life.

## IX. **Plaintiffs as Defendant's Insured**

11. At the time of the collision, there existed a contract in the form of an insurance policy contract between Defendant as insurer, and Plaintiffs, as the insured. The policy covered Plaintiffs as a driver of or occupant in the insured vehicle. The policy covered loss attributable to the ownership, maintenance, or use of a vehicle by an underinsured driver like

Juan Montoya. The policy protected Plaintiffs against loss caused by bodily injury resulting from the negligent acts or omissions of the underinsured motorist, Juan Montoya.

12. Juan Montoya had insurance coverage in effect at the time of the incident, which provided only $30,000.00 per person and $60,000.00 per accident of liability coverage for the collision made the subject of this suit. With the permission of Defendant, which was received on April 14, 2021, Plaintiffs accepted from the underinsured tortfeasor the full amount of liability insurance he had in effect. However, the $30,000.00 per person limits is wholly insufficient to fairly and adequately compensate Plaintiffs for the injuries sustained from the collision. To date, Defendant has refused to pay an amount, which will fully compensate Plaintiffs for the injuries and damages afforded under Texas law, and Defendant's insurance policy only offering $2,500.00 to Alexandra Ambrosio to settle her underinsured motorist bodily injury claim and $1,500 to Ambrosio to settle his underinsured motorists bodily injury claim

13. Plaintiffs now sue for their personal injury damages for which Juan Montoya was underinsured, as contractually provided in the insurance policy in question, and for extra-contractual damages by virtue of Defendant's violation of common law and statutory duties.

## X. Cause of Action & Remedies Against Defendant

14. All allegations herein are incorporated by reference.

## A. Declaratory Relief

15. Plaintiffs bring this action against Defendant for declaratory relief under the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE §§ 37.001 *et seq.* ("UDJA"). Plaintiffs request that this Court establish by declaratory judgment —

   e. That Plaintiffs are covered under Defendant's policy;

   f. That Plaintiffs are entitled to underinsured motorist coverage under the policy;

g.  That JUAN MONTOYA is an underinsured driver;

h.  That JUAN MONTOYA's negligence proximately caused the collision;

i.  That Plaintiffs' damages, past and future, including all damages pleaded herein were proximately caused by an underinsured driver;

j.  That Plaintiffs' damages are covered under the policy;

k.  That all applicable policy provisions have been or are being satisfied;

l.  The amount of the damages Plaintiffs incurred as a result of the collision;

m.  The amount of underinsured motorist insurance benefits that Defendant is obligated to tender under the policy to Plaintiffs; and

n.  Pursuant to UDJA section 37.008 and Tex. Civ. Prac & Rem. Code § 37.009, Plaintiffs request for the recovery of costs and reasonable and necessary attorney fees as are equitable and just.

**B. Violations of Chapter 541 and 542 of the Texas Insurance Code & Damages**

16. Plaintiffs incorporate all allegations herein by reference.

17  On May 6, 2021, Plaintiffs submitted a valid claim for underinsured motorist benefits to Defendant. On July 12, 2021, Defendant sent correspondence to Plaintiffs' previous attorney offering $2,500.00 to Alexandra Ambrosio to settle her underinsured motorist bodily injury claim and $1,500 to Ambrosio to settle his underinsured motorists bodily injury claim. Defendant failed to make a reasonable investigation and evaluation of Plaintiffs' claims and made an offer that is wholly inadequate to compensate them remaining past and future damages.

18. In violation of Chapter 541 of the Texas Insurance Code, upon information and belief, Defendant has knowingly and intentionally engaged in unfair settlement practices with respect to this claim including, but not limited to the following:

a.  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has been reasonable clear;

b. Failing to provide promptly to the policy holders a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; and

c. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

19. Because Plaintiffs have been forced to pursue their Insurance Code violation claims through litigation, Defendant is liable to Plaintiffs for interest in the amount of eighteen (18) percent a year as damages together with reasonable attorney's fees per section 542.060 and treble damages for knowingly or intentionally committing the above referenced insurance code violations.

**C. Bad Faith: Breach of Duty of Good Faith & Fair Dealing**

20. Plaintiffs incorporate all allegations herein by reference.

21. Under Texas law, Defendant owes its insureds a duty of good faith and fair dealing. Due to the special relationship that exists between an insurance company to its insured, an insurance company is liable for a breach of its duty of good faith and fair dealing owed to its insured when an insurance company fails to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim once its liability is reasonably clear—as it is in this case. Recently, the Texas Fourth Court of Appeals in *State Farm Auto. Ass. v. Cook*, held that a UM insured can sustain a common law or statutory bad faith claim against a UM insurer prior to a judgment being obtained in agreement with the Fifth Circuit's decision in *Hamburger v. State Farm Mut. Auto. Ins. Co.*

22. As such, Defendant committed a breach of its duty of good faith and fair dealing by failing and refusing to comply with Chapter 542 of the Texas Insurance Code, as known as the Unfair Settlement Practices Act, which prohibits insurance companies and their representatives from engaging in unfair claim settlement practices by making a grossly

insufficient offer, failing to properly evaluate Plaintiffs' underinsured motorist bodily injury claim, and failing to act in good faith and fair dealing with its own insured. Upon information and belief, Defendant and its affiliates, agents, employees, and representatives engaged in prohibited acts and practices including, but not limited to:

    a. Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies;

    b. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonable clear; or

    c. Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

23. Accordingly, Plaintiffs pray for actual damages beyond the terms of the contract including but not limited to economic damages, personal injury damages, and exemplary damages for fraudulent, malicious, intentional, and grossly negligent acts of handling Plaintiffs' claims by Defendant, attorney's fees, case expenses, and such further relief afforded to Plaintiffs by law and equity.

## XI. Conditions Precedent

24. All conditions precedent have been performed or have occurred.

## XII. Interest

25. Plaintiffs seek prejudgment interest and post-judgment interest in the maximum amounts allowed by law.

## XIII. Attorneys' Fees

26. Pursuant to the Uniform Declaratory Judgment Act, Tex. Civ. Prac & Rem Code 37.009, and section 542.056 of the Texas Insurance Code, Plaintiffs seek reimbursement of reasonable attorney's fees in the amount of $450.00 per hour, inasmuch as Plaintiffs have been required

to employ the undersigned attorney and The Carlson Law Firm, P.C. to prosecute this suit. The Fourth Court of Appeals recently held that attorney's fees are recoverable in underinsured motorist declaratory actions in *Allstate Insurance Company v. Irwin*, No. 04-18-00293-CV, 2019 WL 3937281, (Tex.App.- San Antonio, August 21, 2019).

### XIV. Notice – U.S. Life Tables

27. Plaintiffs intend to use the U.S. Life Tables as prepared by the United States Department of Health and Human Services.

### XV. Rule 193.7 Notice

28. Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiffs intend to rely upon the authenticity of any document Defendant produces in discovery.

### XVI. Request for Electronic Service

29. Plaintiffs requests that service of pleadings, orders, notices, discovery, and papers in this cause be made electronically upon their attorney at: efilekpi@carlsonattorneys.com. Plaintiffs' attorney, hereby affirm their awareness of the right to later rescind this agreement by filing notice.

### Prayer

30. WHEREFORE, Plaintiffs respectfully pray that upon appearance of Defendant and on final trial, Plaintiffs have judgment in their favor and against Defendant for all relief, general and special, legal and equitable, that Justice may warrant, including declaratory relief, attorney fees, prejudgment interest, post-judgment interest, and court costs.

Respectfully submitted,

THE CARLSON LAW FIRM, P.C.

100 E. Central Texas Expressway
Killeen, Texas 76542
(254) 526-5688
FAX (254) 526-8204
cc: awood@carlsonattorneys.com
E-Service: efilekpi@carlsonattorneys.com

By:    */s/ Michael G. Erskine*
Michael G. Erskine
SBN: 24036530
merskine@carlsonattorneys.com

AND

*/s/ Caitlyn R. Tellez*
Caitlyn R. Tellez
SBN: 241254431
ctellez@carlsonattorneys.com
***Attorneys for Plaintiffs***