UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEXANDRA LONGORIA AND AMBROSIO LONGORIA, *Plaintiffs*, | § § § § | |
| v. | § § | CASE NO. 5:22-cv-00021-JKP |
| ENCOMPASS INDEMNITY COMPANY, *Defendant*. | § § § § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, Alexandra Longoria and Ambrosio Longoria, file this First Amended Complaint pursuant to Fed. R. Civ. Pro 15(a)(1)(B) against Defendant Encompass Indemnity Company, (hereinafter referred to as "Encompass"), and for cause of action would show the Court as follows:

### PARTIES

1. Plaintiffs are individuals who reside in Texas and who have resided in Bexar County at the time of the events which form the basis of this suit.

2. Defendant is an insurance company doing business in Texas, has been served, and has made an appearance in this matter.

### MISNOMER, ALTER-EGO, ASSUMED NAME

3. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

## VENUE

4.      A substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas, in San Antonio, Bexar County, Texas. Thus, venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## FACTS

5.      On or about June 20, 2020, Plaintiffs, a married couple, were traveling southbound on the access road of SW Loop 410 in the 1300 block in San Antonio, Texas. At the time same, Juan Montoya was also traveling southbound, behind Plaintiffs. Suddenly and without warning, Juan Montoya failed to control his speed and forcefully rear ended the vehicle in which the Plaintiffs were traveling.

6.      At the time of the collision, Juan Montoya had a bodily injury liability insurance policy with Allstate Insurance. Plaintiffs had an uninsured/underinsured ("UM/UIM") policy with Encompass for $250,000.00/$500,000.00 to protect them from negligent uninsured/underinsured drivers such as Juan Montoya.

7.      On April 14, 2021, with the permission of Defendant, Plaintiffs accepted the full amount of liability insurance that the underinsured tortfeasor had in effect. However, even once the underlying bodily injury insurance policy was exhausted, it was wholly insufficient to fairly and adequately compensate Plaintiffs for the injuries they sustained from the collision.

8.      On May 6, 2021, Plaintiffs submitted a valid claim for underinsured motorist benefits to Defendant.

9.      On July 12, 2021, Defendant offered $2,500.00 to Alexandra Longoria and $1,500.00 to Ambrosio Longoria in order to settle their underinsured motorist claim without explaining the basis for said evaluation. These amounts were wholly insufficient to fairly and

adequately compensate Plaintiffs for their injuries. To date, Defendant has refused to pay an amount which will fully compensate Plaintiffs for their injuries and damages.

## COUNT 1 – SUIT FOR UM/UIM BENEFITS

10. All allegations herein are incorporated by reference.

11. There existed at the time of the crash an insurance policy between Plaintiffs and their insurance company. This insurance policy guaranteed certain benefits for Plaintiffs under the circumstances pleaded herein—that a negligent uninsured/underinsured driver caused Plaintiffs' injury and damages. The damages guaranteed to Plaintiffs under the Encompass uninsured/underinsured motorist bodily injury policy provide benefits for all damages allowed by law in Texas in the past and in reasonable probability in the future. This includes, but is not limited to, physical pain and suffering, mental anguish, disfigurement, impairment, lost wages, loss of earning capacity, and reasonable and necessary medical expenses. Because these benefits are guaranteed to Plaintiff under the scenario pleaded herein, Defendant Encompass must pay these benefits. Accordingly, Plaintiffs bring this suit for the UM/UIM policy limits of $250,000.00 per person and $500,000.00 per incident available to them under their Encompass Insurance Policy to which they have paid policy premiums for.

## COUNT 2 – VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 541

12. All allegations herein are incorporated by reference.

13. In violation of Chapter 541 of the Texas Insurance Code, upon information and belief, Defendant Encompass has knowingly and intentionally engaged in unfair settlement practices with respect to Plaintiffs' claims including, but not limited to, the following:

    a. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue in violation of *Tex. Ins. Code* § 541.060(a)(1);

    b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has been reasonably clear in violation of *Tex. Ins. Code* § 541.060(a)(2)(A);

    c. Failing to provide promptly to the policy holders a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim in violation of *Tex. Ins. Code* § 541.060(a)(3); and

    d. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim in violation of *Tex. Ins. Code* § 541.060(a)(7).

14. Because Plaintiffs have been forced to pursue this Insurance Code violation claim through litigation, Defendant is liable to Plaintiffs for interest in the amount of eighteen (18) percent a year as damages together with reasonable attorney's fees per § 542.060 and treble damages for knowingly or intentionally committing the above referenced insurance code violations. Plaintiffs also seek an award of actual damages, court costs, statutory damages of reasonable and necessary attorneys' fees, and an order enjoining the act or failure to act.

## COUNT 3 – VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 542

15. All allegations herein are incorporated by reference.

16. In violation of Chapter 542 of the Texas Insurance Code, upon information and belief, Defendant has knowingly and intentionally engaged in unfair settlement practices with respect to this claim including, but not limited to, the following:

    a. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies in violation of *Tex. Ins. Code* § 542.003(b)(3);

    b. Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear in violation of *Tex. Ins. Code* § 542.003(b)(4); and

    c. Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less, or in this case, nothing at all than the amounts ultimately recovered in suits brought by them in violation of *Tex. Ins. Code* § 542.003(b)(5).

17. Accordingly, Plaintiffs pray for actual damages beyond the terms of the contract including but not limited to economic damages, personal injury damages, and exemplary damages for fraudulent, malicious, intentional, and grossly negligent acts of handling Plaintiffs' claims by Defendant, attorney's fees, case expenses, and such further relief afforded to Plaintiffs by law and equity.

## ATTORNEYS' FEES

18. Pursuant to the Uniform Declaratory Judgment Act, Tex. Civ. Prac & Rem Code 37.009, and § 542.056 of the Texas Insurance Code, Plaintiffs seek reimbursement of reasonable attorney's fees in the amount of $450.00 per hour, inasmuch as Plaintiffs have been required to employ the undersigned attorneys and The Carlson Law Firm, P.C. to prosecute this suit. The Fourth Court of Appeals recently held that attorney's fees are recoverable in underinsured motorist declaratory actions in *Allstate Insurance Company v. Irwin*, No. 04-18-00293-CV, 2019 WL 3937281, (Tex.App.—San Antonio, August 21, 2019).

## PRAYER

19. WHEREFORE, Plaintiffs respectfully pray that upon final trial, Plaintiffs have judgment of the Court against Defendant for all actual damages, costs of court, prejudgment interest, statutory damages plead herein, and such other and further relief, general and special, legal and equitable, that Justice may warrant.

    Respectfully submitted,

    THE CARLSON LAW FIRM, P.C.

    100 E. Central Texas Expressway
    Killeen, Texas 76542
    (254) 526-5688

        FAX (254) 526-8204
        cc: awood@carlsonattorneys.com
        E-Service: efilekpi@carlsonattorneys.com


By: */s/ Michael G. Erskine*
   Michael G. Erskine
   SBN: 24036530
   merskine@carlsonattorneys.com
   Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

 I do hereby certify that a true and correct copy of the foregoing document was filed and served on all counsel of record this 27TH day of January, 2022 through the Court's CM/ECF system.


        */s/ Michael G. Erskine*